# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| **GREENE COUNTY** } | |
| **COMMISSION, et al.,** } | |
| } | |
| **Plaintiffs,** } | |
| } | **Case No.: 7:09-CV-1851-RDP** |
| **v.** } | |
| } | |
| **SIDETRACK LLC, et al.,** } | |
| } | |
| **Defendants.** } | |

## MEMORANDUM OPINION

The court has before it Plaintiffs' Motion to Remand (Doc. #3), filed September 30, 2009. The parties have fully brief the motion (Docs. #1, 4, 7, 8), which is now properly under submission.

**I.      Procedural History**

On July 29, 2009, Alabama, Plaintiffs filed their complaint against Defendants in the Circuit Court of Greene County, Alabama. In their complaint, Plaintiffs alleged various state law theories of recovery against Defendants. Their claims stem from Defendants' excavation, clearing, and filling of a particular parcel of land for the purpose of constructing a bingo hall, resort hotel, and wastewater treatment facility. (Doc. #1-2, Compl. ¶ 11). Plaintiffs assert various injuries to their property interests resulting from Defendants' activities and request damages and equitable relief against Defendants. (Doc. #1-2, Compl. ¶¶ 11-42).

Although Plaintiffs pleaded only state law claims against non-diverse Defendants[1] and expressly disclaimed any federal right to recovery, on September 18, 2009, Defendants removed this action and claimed both diversity and federal question jurisdiction. (Doc. #1, Notice of Removal ¶ 9). On September 30, 2009, Plaintiffs filed their motion to remand this case. They contend that neither diversity nor federal question jurisdiction supports the removal petition. (Doc. #3, Motion to Remand ¶ 3). Defendants, responding to Plaintiffs' motion to remand, have conceded that there is no diversity jurisdiction and now rely solely on federal question jurisdiction to support their removal. (Doc. #7, Responsive Submission ¶ 17). The only remaining issue for the court to decide, therefore, is whether a federal question sufficient to confer jurisdiction is present.

**II.    Discussion**

As the Eleventh Circuit has explained, "[i]t is now axiomatic that the inferior federal courts are courts of limited jurisdiction. They are empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution, and which has been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (citations omitted). The party seeking a federal forum must shoulder the burden of establishing jurisdiction, and the court presumes that it "lack[s] jurisdiction unless the contrary appears affirmatively from the record." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 324 n.3 (2006). To the extent that uncertainties remain, the court is obligated to order a case's remand. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

---

[1] According to the complaint and notice of removal, Defendant Sidetrack LLC has a member who is a citizen of Alabama. (Doc. #1-2, Compl. ¶ 5; Doc. #1, Notice of Removal ¶ 11). Additionally, according to the complaint, Plaintiffs are all citizens of Alabama. (Doc. #1-2, Compl. ¶¶ 1-3). As the Eleventh Circuit explained, "a limited liability company is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). Thus, the inclusion of Defendant Sidetrack LLC destroys complete diversity, and that undercuts any claim of diversity.

Defendants claim that this case presents a federal question sufficient to satisfy the requirements of 28 U.S.C. § 1331.  Under the familiar well-pleaded complaint rule, a claim "'arises under' federal law 'only when the plaintiff's statement of his own cause of action shows that it is based upon federal law.'" *Vaden v. Discover Bank*, 129 S. Ct. 1262, 1272 (2009) (quoting *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)).  In their complaint, Plaintiffs assert the following causes of action: (1) injunctive relief (based on trespass and nuisance claims); (2) injunctive relief (based on trespass, private nuisance, and public nuisance claims); (3) injunctive relief (based on Alabama administrative law); (4) declaratory relief (based on Alabama administrative law); (5) trespass; (6) public nuisance; (7) private nuisance; (8) violation of Alabama Code § 33-7-4; (9) negligence; and (10) breach of contract.

Importantly, each of these causes of action is a creature of Alabama *state* law.  As a general rule, "a case arises under federal law only if it is federal law that creates the cause of action." *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996) (citation omitted).  Thus, on the basis of the complaint alone, Plaintiffs have not presented a federal question.  Further amplifying this conclusion, Plaintiffs have "expressly disclaim[ed] every claim against these Defendants arising under the treaties or law of the United States and every claim arising under the United States Constitution." (Doc #1-2, Compl. ¶ 10).

Nonetheless, Defendants assert that Plaintiffs' claims raise a federal question sufficient to confer jurisdiction:

> 15.    The Plaintiffs' claims are covered by the Federal Water Pollution Control Act, 33 U.S.C. §§ 1251, 1311, 1319, 1365.  The Plaintiffs have recognized this fact by serving the Defendants with a sixty (60) day notice letter as required by 33 U.S.C. § 1365. . . .
> 
> . . . .

3

> 18. The Plaintiffs' complaint, in effect, allege[s] violations of the Federal Clean Water Act. They are disguising their claim that the Defendants are in violation of 33 U.S.C. § 1365 by alleging questionable state court actions in an attempt to avoid the jurisdiction of this court under 28 U.S.C. § 1331.

(Doc. #1, Notice of Removal ¶¶ 15, 18). In their responsive submission, Defendants have further clarified this contention:

> 24. Discharge of silt, sediment, dirt, and other pollutants is a crucial and essential element of the Plaintiffs' nuisance, trespass, negligence and injunctive claims and a CWA action. Limitations on discharge are at the very heart of this case. The Alabama Water Pollution Control Act § 22-22-1(b)(8), Code of Alabama, 1975 defines "discharge" but limitations (what is and is not "wrongful") are set by the Alabama Department of Environmental Management and must be consistent with those approved by the United States Environmental Protection Agency. Furthermore, the Alabama Water Pollution Control Act makes no provision for a private right of action under that act. "Discharge" is not defined at common law for the purposes of the Plaintiffs' common law actions. "Discharge" only has meaning for a private litigant within the context of the CWA. Thus, the Plaintiffs' state court claims raise a substantial question of federal law. This case cannot be decided without addressing the definition of "discharge" and its limitations as they are defined by federal law. Furthermore, the CWA generally authorizes a citizen to commence a civil action in federal court against any person or legal entity who is alleged to be in violation of th CWA.

(Doc. #7, Defendants' Responsive Submission ¶ 24).

Defendants are correct in recognizing that an exception to the well-pleaded complaint rule exists if "the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law, federal question jurisdiction may nevertheless attach to the state-law claim." *Hill v. BellSouth Telecomms., Inc.*, 364 F.3d 1308, 1314 (11th Cir. 2004) (citations and internal quotation marks omitted). Defendants' allegations here, however, are insufficient to satisfy the requirements for this exception.

4

First, Defendants essentially argue that, merely because a federal law creates a private right of action, federal jurisdiction exists when that federal right presents relief which is coextensive with or comparable to the relief available under state law. Even if the facts of this case could entitle Plaintiffs to relief under the Clean Water Act ("CWA"), the simple availability of an unclaimed federal cause of action does not present a substantial question of federal law. If the court were to reach a contrary conclusion, that would operate to effectively require application of the complete preemption doctrine, which "is recognized in the rare instance that Congress 'so completely pre-empts a particular area that any civil complaint . . . is necessarily federal in character.'" *Bishop v. Ala. Dep't of Envtl. Mgmt.*, 108 F. Supp. 2d 1323, 1327 (M.D. Ala. 2000) (quoting *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 74 (1987)). For obvious reasons, Defendants do not contend that the CWA completely preempts Plaintiffs' claims – indeed, Congress has expressly preserved compatible state law causes of action. *See* 33 U.S.C. § 1251(b).

Defendants also argue that "the Alabama Water Pollution Control Act," unlike the CWA, "makes no provision for a private right of action." (Doc. #7, Responsive Submission ¶ 24). This contention, however, strikes at the merits of Plaintiffs' case – it does not provide a sound basis for exercising jurisdiction. Even if the AWPCA does not contain a private right of action,[2] Plaintiffs have alleged *state* common law and statutory theories of recovery. *See Batchelor v. Deloitte & Touche, LLP*, No. 08-CIV-22686, 2009 U.S. Dist. LEXIS 42146, at *17 (S.D. Fla. Apr. 27, 2009) (holding that (1) even though the plaintiff's state law claim could have been brought under federal

---

[2] Because resolving whether the Alabama Water Pollution Control Act contains a private right of action is not essential to the decision regarding remand, the court expresses no view whatsoever as to that question.

law, the state law claim "is not implausible" and (2) "[i]f there is no such cause of action under state law, that determination is better made by the [state] court").

The claims Plaintiffs have asserted here do not necessarily raise a federal question. The Supreme Court "fashioned the following test to evaluate the existence of federal question jurisdiction where no federal claims are stated: '[D]oes a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities[?]" *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1295 (11th Cir. 2008) (quoting *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005)).

Defendants' most promising argument is that the limitations set by the Alabama Department of Environmental Management ("ADEM") "must be consistent with those approved by the United States Environmental Protection Agency." (Doc. #7, Responsive Submission ¶ 24). Defendants claim that "[l]imitations on discharge are at the very heart of this case," but this cursory allegation is also insufficient to overcome the presumption against federal jurisdiction. At this juncture, the federal question is still a mere uncertainty and very likely to have an insubstantial impact on the elements essential to Plaintiffs' causes of action. Specifically, Plaintiffs explained the basis for each of their state law claims:

> Plaintiffs' claims for injunctive relief relate to the runoff and deposit of sediment onto Plaintiffs' property that constitute a continuing trespass and nuisance, and to Defendants' actions in constructing an onsite sewage system in violation of Alabama law and Alabama Department of Public Health ("ADPH") regulations. Plaintiffs' claim for a declaratory judgment relates to Defendants' action in constructing an onsite sewage system without a permit issued by ADPH. Plaintiffs' claim for trespass relates to the runoff of sediment onto Plaintiffs' property. Plaintiffs' claims for public and private

> nuisance relate to sediment that has been deposited into a stream that runs across Plaintiffs' property.  Plaintiffs' claim for violation of Ala. Code § 33-7-4 is a state law cause of action related to Defendants' activities in diverting a stream. Plaintiffs' claim for negligence relates to Defendants' improper and unreasonable use of local roads. Plaintiffs' claim for breach of contract relates to Defendants' promise to pay for damages to the local roads.

(Doc. #8, Reply Submission at 6-7) (record citations omitted).  At best, therefore, the possible incompatibility of ADEM and EPA standards would constitute a defense – not a necessary component of Plaintiffs' claims.[3]  To the extent that Defendants have a potential conflict preemption defense, which they appear to suggest, "[a] removing defendant cannot transform ordinary preemption issues into substantial questions of federal law so as to create a foundation for removal jurisdiction.  Permitting removal jurisdiction on this basis would improperly elevate ordinary preemption to a removal doctrine and would render meaningless the jurisdictional distinction between complete preemption and ordinary preemption." *Harris v. Pacificare Life & Health Ins. Co.*, 514 F. Supp. 2d 1280, 1297 (M.D. Ala. 2007) (citing *Smith v. GTE Corp.*, 236 F.3d 1292, 1310-11 (11th Cir. 2001); *Wisconsin v. AT&T Corp.*, 217 F. Supp. 2d 935, 938 (W.D. Wis. 2002)).

Thus, the only tangible federal consideration identified by Defendants in this case does not invariably require adjudication.  "[T]he cases exhibiting substantial federal questions will typically be those involving a 'nearly pure issue of [federal] law,' rather than those involving 'fact-bound and situation specific' contexts in which federal questions are enmeshed." *Certified Enters., LLC v. Dauphin Creek Apartments, LLC*, No. 09-00163-CG-N, 2009 U.S. Dist. LEXIS 80306, at *12 (S.D. Ala. June 25, 2009) (quoting *Adventure Outdoors, Inc.*, 552 F.3d at 1295).  Defendants' argument

---

[3]It is fundamental that the well-pleaded complaint rule examines "the face of the complaint rather than defenses."  *Jones v. LMR Int'l, Inc.*, 457 F.3d 1174, 1178 (11th Cir. 2006).

falls short of the mark, and they have not demonstrated that a federal question will necessarily be present.

Finally, because the CWA does not preempt all state law causes of action, Alabama courts are free to define the term "discharge" without necessarily threatening important federal interests. Defendants assert that "'Discharge' is not defined at common law for the purposes of the Plaintiffs' common law actions. 'Discharge' only has meaning for a private litigant within the context of the CWA." (Doc. #7, Defendants' Responsive Submission ¶ 24). That argument does not cut ice. As Plaintiffs have correctly responded, the CWA's preemption scope is carefully defined and permits causes of action based on the source state's law. *See* 33 U.S.C. § 1251(b) (CWA's saving clause); *Int'l Paper Co. v. Ouellette*, 479 U.S. 481, 497 (1986) ("The CWA precludes only those suits that may require standards of effluent control that are incompatible with those established by the procedures set forth in the Act. The saving clause specifically preserves other state actions, and therefore nothing in the Act bars aggrieved individuals from bringing a nuisance claim pursuant to the law of the source State."). Although the Supreme Court's decision in *International Paper* identifies a class of cases preempted by the CWA, based on Defendants' submissions, this case is not one of them.

Accordingly, to the extent that the CWA defines the term "discharge," the definition does not foreclose a state, in developing its own law, from supplying its own definition in the context of common law claims. Moreover, even if the Alabama courts decide to adopt the CWA's definition, a judicial cross-reference is not tantamount to a federal question, at least in the context of jurisdiction. *See Williams v. Viva Health, Inc.*, No. 2:07-CV-321, 2008 U.S. Dist. LEXIS 5639, at *17 (M.D. Ala. Jan. 25, 2008) ("The mere presence of a federal issue 'does not automatically confer

federal-question jurisdiction.'") (quoting *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 813 (1986)). Defendants' argument proves too little, therefore, because an Alabama state court, presented with Plaintiffs' common law claims, could interpret the term "discharge" with or without the assistance of federal law. Unless resolution of the federal question is controlling and certain, state law claims do not confer jurisdiction under § 1331.

**III.    Conclusion**

For these reasons, and resolving all doubts in favor of remand (as the court must), the court concludes that it lacks subject matter jurisdiction over this action. This case is due to be remanded to the Circuit Court of Greene County, Alabama. A separate order in accordance with this Memorandum Opinion will be entered.

**DONE** and **ORDERED** this ___2nd___ day of November, 2009.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE